Dear Mr. Freeman:
This is in response to your predecessor's request for an official legal opinion on the question of whether your agency can certify to the United States Secretary of Health, Education and Welfare that funds can be administered consistent with Missouri laws for the payment of services rendered by rural health clinics pursuant to a 1977 amendment to the medical assistance provisions of the Social Security Act, Pub.L. 95-210, the Rural Health Clinic Services Act.
We understand that this question essentially involves a determination of whether nurse practitioners or physician assistants, as described in Pub.L. 95-210, can function in a manner consistent with this state's law.
We will not quote the federal law because of its length. However, we conclude from it and from the committee reports accompanying the bill that became Pub.L. 95-210 that Congress has intended that, if permitted by state law, nurse practitioners or physician assistants in rural health clinics will engage in primary health care that includes some diagnosis and treatment of human illness, injury or infirmity under the general, indirect, guidance and supervision of a physician.
We note first of all that no state law makes any provision for or gives any recognition to physician assistants. We note that bills to amend or add to our law in this regard have been considered but were not enacted by the General Assembly; e.g. H.B. No. 257, 80th General Assembly; H.B. No. 850, 79th General Assembly; H.B. No. 970, 79th General Assembly; H.B. 1653, 79th General Assembly. Accordingly, we are of the opinion that a physician assistant cannot, consistent with Missouri law, function in a rural health clinic.
Subsection (8) of Section 335.016, RSMo, provides:
 "Professional nursing" is the performance for compensation of any act which requires substantial specialized education, judgment and skill based on knowledge and application of principles derived from the biological, physical, social and nursing sciences, including, but not limited to:
 (a) Responsibility for the teaching of health care and the prevention of illness to the patient and his family; or
 (b) Assessment, nursing diagnosis, nursing care, and counsel of persons who are ill, injured or experiencing alterations in normal health processes; or
 (c) The administration of medications and treatments as prescribed by a person licensed in this state to prescribe such medications and treatments; or
 (d) The coordination and assistance in the delivery of a plan of health care with all members of the health team; or
 (e) The teaching and supervision of other persons in the performance of any of the foregoing;
Further, subsection (9) of Section 335.016 provides:
 A "registered professional nurse" or "registered nurse" is one licensed under the provisions of sections 335.011 to 335.096 to engage in the practice of professional nursing.
There appears to be no question that those sections of the Missouri law which applied to the practice of nursing prior to the enactment of the new nursing practice act which became effective January 21, 1976, did not authorize such nurses to perform the services in question.
It is clear that, under the provisions quoted, such nurses may only administer medications and treatments as prescribed by a person licensed in the state to prescribe such medications and treatments. Such reference is obviously to physicians licensed by and registered with the Missouri State Board of Registration for the Healing Arts pursuant to Chapter 334, RSMo. It also seems clear that such nurses are not given general medical diagnostic and treatment powers because the law expressly limits the scope of such nurses practices, in this respect, to "nursing diagnosis" and "nursing care".
We thus conclude that the legislature has not authorized such nurses to engage in primary health care which would necessarily include some medical diagnosis and treatment of human illness, injury or infirmity and administration of medications under general rather than direct physician guidance and supervision. We reach this conclusion reluctantly. However, we feel compelled to do so because of the provisions we have quoted. In our view the complete revision of the laws relative to nursing practice, effective in 1976, presented the legislature with an excellent opportunity to set at rest many of these issues respecting the scope of the nursing profession which have always been a matter of concern and confusion to those involved in furnishing medical care. Since the legislature did not authorize the furnishing of such services by such nurses we are compelled to conclude that no such change was intended.
CONCLUSION
It is the opinion of this office that registered professional nurses, under Chapter 335, RSMo, do not have the authority to engage in primary health care that includes diagnosis and treatment of human illness, injury or infirmity and administration of medications under general rather than direct physician guidance and supervision. Therefore, registered professional nurses cannot perform all of the duties and functions of "nurse practitioners" provided for in the Rural Health Clinic Services Act, Pub.L. 95-210.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General